SOCIEDAD DE GANANCIALES DE EULOGIO JIMÉNEZ, ETC., ET AL., demandantes y recurridos, *v.* BANCO POPULAR DE PUERTO RICO, INC., SUCURSAL DE RAMEY AIR FORCE BASE, demandada y recurrente.

*Número:* R-70-334        *Resuelto:* 19 de septiembre de 1972

*Parra, Del Valle & Frau,* abogados del recurrente; la parte recurrida no compareció.

PER CURIAM: Se trata de una acción de daños y perjuicios para recobrar compensación por daños al crédito de la demandante y por las angustias mentales sufridas por ella. En la demanda se alega que el banco aquí demandado devolvió a la

demandante por falta de fondos un cheque por $100.00 y que por motivo de ese incumplimiento con los términos del contrato existente entre la demandante y el banco la demandante sufrió daños que estimó en $10,000.00. El tribunal de instancia declaró la demanda con lugar y concedió $3,000.00 por daños y $600.00 de honorarios de abogado. Acordamos revisar.

La evidencia desfilada en el juicio establece que el 26 de marzo de 1968, la demandante cambió en la Cooperativa de Consumo de Isabela un cheque personal suyo por $100.00 en efectivo. El cheque tenía fecha de 26 de marzo de 1968, pero la demandante dijo a la persona que se lo cambió que no lo depositara hasta el día 28 ó el 29. El día 28 de marzo la demandante depositó $100.00 en su cuenta de cheques. En el momento en que ella hacía el depósito, alrededor de las 11:30 A.M., el cajero le sugirió que abonara el pago mensual de $52.00 que ella debía al banco de un préstamo personal, lo cual hizo la demandante mediante un cheque suyo contra su cuenta corriente. El cajero también informó a la demandante que esa misma mañana se le había acreditado a su cuenta de cheques un depósito de $166.67. Este depósito había sido hecho por las autoridades de la Base Ramey, en virtud de un acuerdo mediante el cual dichas autoridades depositaban los cheques de los sueldos de sus empleados civiles en las respectivas cuentas de estos empleados. Las partes estipularon que el sueldo de la demandante, en efecto, fue depositado durante la mañana del 28 de marzo.

El depósito de $166.67 no se acreditó el día 28 sino el día 29. Por otro lado, el cheque que la demandante entregó a la Cooperativa fue presentado al cobro en o antes del día 28. Como ese día no había fondos suficientes acreditados a la cuenta de la demandante para cubrir los dos cheques que ella había expedido, el banco no pagó el cheque de la Cooperativa y notificó a la demandante que le estaba debitando de su cuenta $5.00 por el cargo de devolver el cheque sin fondos. No

obstante, dicho cheque de $100.00 fue pagado por el banco el día 29, luego de acreditar a la cuenta de la demandante el depósito de su sueldo.

La semana siguiente la demandante visitó el banco y se entrevistó con el gerente con el propósito de que el cargo de $5.00 antes mencionado fuese eliminado de su cuenta. El gerente no accedió a la petición y la demandante le pidió sus papeles y le dijo que se olvidara del asunto. Declaró la demandante que en ese momento el gerente, en forma que ella consideró brusca e irrespetuosa, le dijo que se fuese a otro banco si no le convenía; que aprendiera a llevar sus talonarios; que ya él estaba cansado de devolverle cheques sin fondos y que no podía perder el tiempo con ella.

No obstante no haberse acreditado en la cuenta el depósito de $166.67 el día 28, sino el día 29 de marzo, el tribunal concluyó que el día 28 la cuenta tenía fondos suficientes para el pago de los dos cheques presentados para el cobro. El tribunal llegó a esta conclusión a base de que el cheque de $166.67, fue depositado el día 28.

Convenimos con el recurrente en que no hubo prueba de la fecha en que el cheque de $100.00 fue devuelto a la Cooperativa. Creemos que la prueba no establece que dicho cheque fuese realmente devuelto a la Cooperativa en fecha alguna. T.E. pags. 34–38. La única afirmación en ese sentido es una que hizo la demandante con sólo un movimiento de su cabeza (T.E. pág. 35) la cual, además de ser prueba de referencia, conflige con el resto de su declaración (T.E. pág. 36).

No se probó y resulta muy improbable que el cheque fuese rechazado por el banco el día 28, que fuese devuelto a través del procedimiento usual y que fuese cobrado el día 29 por la Cooperativa. Lo que puede deducirse de la evidencia es que el banco, aunque hizo el débito de $5.00, nunca llegó a devolver el cheque aunque lo identificó como partida a ser devuelta, sino que lo retuvo de un día para otro y lo pagó el

día 29 cuando la cuenta ya tenía fondos suficientes acreditados.

A la luz de los hechos no puede decirse que el crédito de la demandante con la Cooperativa sufriera merma alguna. Todo indica que la Cooperativa nunca recibió el cheque devuelto. En adición, la demandante había advertido a la Cooperativa que su cuenta no tendría fondos hasta el día 28 ó el 29 de marzo y el incidente fue creado por la propia actuación de la Cooperativa al depositar el cheque antes de la fecha convenida.

En cuanto a la reclamación por angustias mentales la prueba demostró que era cierto que la demandante había expedido contra esa cuenta una serie de cheques sin fondos. Surge de los estados de cuenta que a la demandante entre octubre de 1966 y agosto de 1968 se le devolvieron 18 cheques por insuficiencia de fondos. En el juicio la demandante admitió que varios de sus cheques habían sido devueltos aunque dijo que no sabía la razón por la cual se los devolvían.

A la luz de lo anterior concluimos que no habiéndose probado la devolución del cheque no se lastimó indebidamente el crédito de la demandante y que las circunstancias del caso no justifican conceder daños por angustias mentales.

Por lo anterior, *se revocará la sentencia dictada por el Tribunal Superior, Sala de Aguadilla, en 4 de octubre de 1970 en este caso, y se declarará sin lugar la demanda en todas sus partes.*